IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY O'QUINN**,

**Plaintiff,**

v.                                                                  No. 17cv-152-DRH-RJD

**LOUIS APOSTOL, Director of Illinois
State Property Tax Board of Appeals,
BRUCE RAUNER, Governor of Illinois,
JENNIFER GOMRIC-MINTON, St. Clair County Assessor,
MICHAEL CROCKETT, St. Clair County Board of Review Director,
TOM HOLBROOK, St. Clair County Clerk,
MARK A. KERN, St. Clair County Board Chairman,
CARL E. OFFICER, ex-Mayor of East St. Louis, Illinois,
LISA MADIGAN, Illinois Attorney General, and
MICHAEL TARDY, Illinois Courts Director,**


**Defendants.**


## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is plaintiff's amended motion for leave to proceed in forma pauperis (Doc. 10). In this action, plaintiff, who is proceeding *pro se*, appears to allege concerns surrounding his unpaid back taxes. On two prior occasions, the Court directed O'Quinn to file an amended complaint in order to get a clearer understanding of what exactly O'Quinn was complaining about (Docs. 5 &8). Specifically, in each of those orders, the Court noted:

"After reading O'Quinn's pleadings, the Court finds that O'Quinn's

> motion does not survive § 1915(e)(2) review. At this point the Court cannot determine precisely what O'Quinn's claims are against the numerous defendants. His complaint is both nonsensical and hard to follow. Ultimately, the Court finds that O'Quinn's allegations are insufficient to state a claim."

(Doc. 5, pg. 2). The Court also informed O'Quinn of the following: "[f]ailure to comply with this Order shall result in the Court dismissing his case for failure to prosecute." (Doc. 5, pg. 3). That same information was reiterated to O'Quinn after the filing of his second amended complaint (Doc. 8). Following the Court's March 6, 2017 Order (Doc. 8), O'Quinn filed a third amended complaint (Doc. 9) and motion for leave to proceed *in forma pauperis* (Doc. 10).

For plaintiffs proceeding in forma pauperis, the Court is required to "dismiss the case at any time" upon determining that the complaint is frivolous or fails to state a claim. See 28 U.S.C. § 1915(e)(2). After reviewing O'Quinn's amended pleadings, the Court finds that O'Quinn's complaint does not survive § 1915(e)(2) review.

Despite O'Quinn's multiple amendments to his complaint, and mention of the U.S. Constitution, he cannot, through his not so artful draftsmanship, avoid the fact that his cause of action is about how St. Clair County is now, and has in the past, assessed and collected from him real property taxes. Moreover, O'Quinn is complaining about the fact that St. Clair County and its employees insist on trying to collect from him back taxes, which they insist he owes. O'Quinn does not allege that St. Clair County or its employees have tried to evict him from his property or that they have tried to sell it. O'Quinn only

alleges the assessment and attempt to collect real property taxes. Thus, the Court lacks jurisdiction over O'Quinn's claims because he does not bring this action based on a federal question.[1]

Accordingly, the Court *sua sponte* **DISMISSES** O'Quinn's complaint for lack of jurisdiction. Further, the Court **DENIES as moot** O'Quinn's motion to proceed without prepaying fees or costs (Doc. 10). The Clerk is **DIRECTED** to enter judgment.

**IT IS SO ORDERED.**

Signed this 17th day of March, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.03.17
11:52:41 -05'00'

**United States District Judge**

---

[1] It is clear that Illinois citizens exist on both sides of the above-styled cause. Therefore, the Court finds that complete diversity is lacking and that this Court lacks diversity jurisdiction.